IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **JOSHUA WOODEY,** : | |
| : | |
| **Movant,** : | |
| : | |
| v. : | Case No. 3:19-cr-00001-CAR-CHW |
| : | |
| **UNITED STATES OF AMERICA,** : | |
| : | |
| **Respondent.** : | |
| : | |

## ORDER

Movant Joshua Woodey has filed a request "to compel former counsel to tender [his] criminal case file." (Doc. 137). Movant intends to seek post-conviction relief once obtaining this case file. (*Id.*). Currently, Movant has no motion for post-conviction relief before the Court.

Pursuant to "[t]he long-standing rule that a defendant may not file a pre-§ 2255 request for discovery," there is no legal basis for the court to compel discovery, including client files, from Defendant's counsel. *United States v. Cuya*, 964 F.3d 969, 972 (11th Cir. 2020). The discovery provisions of Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts do not authorize a federal prisoner to engage in a "fishing expedition." *Id.*, at 974. Possession of a former attorney's case file is not a prerequisite to filing a Section 2255 motion or any other type of motion for post-conviction relief. *See United States v. Hernandez*, 431 Fed. App'x. 813, 813 (11th Cir. 2011) (finding that the district court properly denied "a federal prisoner's transcript request where the appellant had no appeal pending and had not moved to vacate his sentence under § 2255."); *Walker v. United States*, 424 F.2d 278, 279 (5th Cir. 1970)[1]

---

[1] Fifth Circuit decisions "handed down by that court prior to the close of business on [September 30, 1981], shall be binding as precedent in the Eleventh Circuit[.]" *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

(concluding that "only where a [habeas] petitioner . . . has been granted leave to proceed in forma pauperis and his application is pending before the court is that petitioner entitled to be furnished copies of court records without costs."). Therefore, Movant's motion to compel is **DENIED**.

**SO ORDERED**, this 22nd day of October, 2020.

                                        s/ Charles H. Weigle
                                        Charles H. Weigle
                                        United States Magistrate Judge