IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| JOSHUA WOODEY, | : | |
|     Movant, | : | |
| | : | |
| v. | : | Case No. 3:19-cr-1(CAR)-2 |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
|     Respondent. | : | |
| | : | |

## ORDER ON MOTIONS FOR CERTIFICATE OF APPEALABILITY

Before the Court is Movant Joshua Woodey's Motion for a Certificate of Appealability ("COA") to appeal this Court's Order denying his Motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. For the following reasons Petitioner's Motion [Doc. 173] is **DENIED**.

Movant is a federal prisoner serving 235 months imprisonment after he pleaded guilty to one count of possession of methamphetamine with the intent to distribute. Movant filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence arguing his counsel was ineffective for failing to advise him of the risk of sentencing exposure, failing to explain that Movant's plea agreement encompassed a waiver of the right to seek a sentence modification under 18 U.S.C. § 3582(c), and failing to adequately attack or rebut the testimony of Jeremy Allen, a DEA agent who testified at Movant's sentencing

1

hearing. This Court adopted the Magistrate Judge's report and recommendation, denied his petition, and denied Movant a COA. Movant then filed a motion to appeal in forma pauperis, which the Court denied, and he has now filed a second motion for a COA.

A federal prisoner seeking to appeal a district court's final order denying his petition for a writ of habeas corpus has no absolute entitlement to appeal but must obtain a COA.[1] Pursuant to 18 U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of a denial of a constitutional right." Because the Court denied Movant's petition on the merits, he must show that "jurists of reason could disagree with the district court's resolution of [a movant's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[2]

Here, reasonable jurists would not debate the Court's denial of Movant's claims or conclude the issues presented are adequate to proceed further. The record clearly establishes that prior to his entry of a guilty plea, Movant understood based upon his plea colloquy that he was potentially subject to a sentence of up to 240 months' imprisonment (Movant received a sentence of 235 months' imprisonment). Moreover, Movant's plea colloquy, signed plea agreement, and testimony foreclose his claim that counsel performed deficiently by failing to adequately review the plea agreement with

---

[1] 28 U.S.C. § 2253(c)(1)(A).
[2] *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Movant or that any prejudice ensued. Finally, his claim that counsel failed to attack or rebut Allen's testimony is rebutted by the record. Movant cannot show, given the weight of evidence against him, that he "would not have pleaded guilty and would have insisted on going to trial" had counsel performed differently.[3]

Accordingly, the Court **DENIES** Movant's Motion for a COA [Doc. 173].

**SO ORDERED** this 3rd day of May, 2022.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[3] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).